UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD JONES and ROYA REZAI,<br><br>   Plaintiffs,<br><br>   v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,<br><br>   Defendant. | CASE NO. C18-5062 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant National Railroad Passenger Corporation d/b/a Amtrak's ("Amtrak") motion for summary judgment on punitive damages and consumer protection act claim. Dkt. 24. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I.  PROCEDURAL HISTORY

On January 16, 2018, Plaintiffs Daniel Jones and Roya Rezai ("Plaintiffs") filed a complaint against Amtrak in Pierce County Superior Court for the State of Washington for damages sustained when Amtrak Train 501 derailed near DuPont, Washington. Dkt. 1-2. Plaintiffs assert a negligence claim and a claim for violation of Washington's

Consumer Protection Act ("CPA"), RCW Chapter 19.86, and request actual damages, punitive damages, and injunctive relief. *Id.*

On January 24, 2018, Amtrak removed the matter to this Court. Dkt. 1.

On August 9, 2019, the Court granted Amtrak's motion for summary judgment on punitive damages in a related case, *Wilmotte v. Nat'l R.R. Passenger Corp.*, C18-0086BHS, 2019 WL 3767133 (W.D. Wash. Aug. 9, 2019), and granted in part and denied in part Amtrak's motion for summary judgment on a CPA claim in another related case, *Harris v. Nat'l R.R. Passenger Corp.*, C18-134BHS, 2019 WL 3767140 (W.D. Wash. Aug. 9, 2019).

On September 11, 2019, Amtrak filed the instant motion for summary judgment on Plaintiffs' request for punitive damages and CPA claim. Dkt. 24. On September 30, 2019, Plaintiffs responded. Dkt. 29.

On October 1, 2019, the Court granted in part and denied in part Amtrak's motion for summary judgment in a third related case, *Garza v. Nat'l R.R. Passenger Corp.*, C18-5106 BHS, 2019 WL 4849489 (W.D. Wash. Oct. 1, 2019).

On October 4, 2019, Amtrak replied to Plaintiffs' response. Dkt. 32.

## II. FACTUAL BACKGROUND

The majority of the general facts relevant to this motion are set forth in the Court's previous orders in the related cases. *See Garza*, 2019 WL 4849489; *Wilmotte*, 2019 WL 3767133; *Harris*, 2019 WL 3767140. Specifically relevant to Plaintiffs, the Court only notes that similar to the plaintiff in *Garza*, Plaintiffs have "failed to provide any evidence that [they] will ever ride Amtrak in the future or [have] a reasonable fear that if [they] do

ride Amtrak in the future, the ride will result in personal injuries." *Garza*, 2019 WL 4849489 at *7. Other than that failure to submit facts, the Court finds no need to recite additional facts to resolve the issues in the instant motion.

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must

meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.  Punitive Damages**

In this case, the parties' arguments are almost identical to those the parties presented in *Garza*. As such, the Court reaches the same conclusion—that Plaintiffs have "failed to overcome the presumption that Washington law applies to [their] personal injury claims." *Garza*, 2019 WL 4849489 at *4. Therefore, the Court grants Amtrak's motion on Plaintiffs' request for punitive damages.

**C.  CPA**

In this case, the parties' arguments are almost identical to those the parties presented in *Garza*. Although Amtrak used its reply to present new arguments on this claim essentially seeking reconsideration of conclusions reached as to preemption in the *Garza* order, the new arguments are not only improper in a reply but also are unpersuasive. As such the Court concludes that Amtrak did not waive the affirmative defense of preemption, Plaintiffs' CPA claim is not preempted, Plaintiffs have identified

material questions of fact for trial on the claim, and Plaintiffs lack standing to seek an injunction. Accordingly, the Court grants in part and denies in part Amtrak's motion on this claim.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Amtrak's motion for summary judgment on punitive damages and consumer protection act claim, Dkt. 24, is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 7th day of November, 2019.

BENJAMIN H. SETTLE
United States District Judge